IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JOHN THOMPSON,

    Plaintiff,

vs.                                                        Case No. 4:13cv71-WS/CAS

DIANE SMITH, and
MS. L. SALVADOR, PA, CA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending is review of Defendants' motions to dismiss, docs. 26-27, Plaintiff's second amended complaint, doc. 13, which generally alleges that Plaintiff is not provided a medically necessary high calorie diet. The motions to dismiss were filed on December 16, 2013, and on January 3, 2014, the pro se Plaintiff sought additional time in which to respond. Doc. 28. That motion was granted and Plaintiff was given until February 3, 2014, in which to file his response in opposition. Doc. 29. Plaintiff has not yet filed his response, but on February 4, 2014, Plaintiff filed a "Motion of Emergency Nature." Doc. 30. Plaintiff requests that the Court immediately order that Plaintiff's requested 4,000 calorie diet pass be renewed. *Id.* at 1. Plaintiff contends that he is given the diet pass for short periods of time, and when the pass expires, his body

weight begins to drop again. Plaintiff's motion is deemed to be a motion for a preliminary injunction and this report and recommendation is entered without awaiting a response from the Defendants.

An "emergency" motion is one that presents an unexpected situation calling for immediate action. Plaintiff's motion is not an emergency. Plaintiff's motion mirrors the facts of his case, a case that has been ongoing since Plaintiff filed the initial complaint nearly a year ago, on February 19, 2013. Doc. 1. Plaintiff's claims in this case are that he needs to be permanently on a high calorie diet. Doc. 13. Since 2010, Plaintiff has been placed on the diet for 90 days or up to six months, and during that time he gains weight. *See* doc. 13 at 6-7. The pass then expires and Plaintiff begins to lose a substantial amount of weight. *Id.* This process has been ongoing for several years and no emergency situation is presented in Plaintiff's motion. Doc. 30.

Most recently, Plaintiff contends his diet pass expired on October 18, 2013, and since then, Plaintiff's weight has been dropping. *Id.* at 4. Plaintiff alleges Defendant Smith has denied him a diet renewal, yet he will suffer "the predictable, and unnecessary, extreme weight loss." *Id.* Plaintiff seeks to prevent further weight loss and have the diet mandated by Court order.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Under well established law, preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

    In this case, Plaintiff's motion should be denied because he has not shown a substantial threat of irreparable injury. Plaintiff's motion reveals that the high calorie "prescription diet has never failed to reverse Plaintiff's weight loss . . . ." Doc. 30 at 6. That being true, Plaintiff's harm is not irreparable. Plaintiff's weight loss will become weight gain when the diet pass is eventually renewed. Plaintiff's motion, as well as his second amended complaint, demonstrate that the situation about which he complains is a repetitive and recurring one. Therefore, Plaintiff has not demonstrated that this particular period of time in which he is without the high calorie diet is irreparable. If Plaintiff is entitled to any judicial relief based on the claims raised in this case, such relief must come at the usual time for that relief: at the end of the litigation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion of Emergency Nature, doc. 30, construed as a motion for a preliminary injunction, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**