IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MATTHEW JOHN THOMPSON,

        Plaintiff,

vs.                                                  Case No. 4:13cv71-WS/CAS

DIANE SMITH, and
MS. L. SALVADOR, PA, CA,

        Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION[1]

        Pending is Defendants' motions to dismiss, docs. 26-27, Plaintiff's second

amended complaint, doc. 13, which generally alleges that Plaintiff is not provided a

medically necessary high calorie diet.  Defendants contend the complaint fails to state a

claim for deliberate indifference to a serious medical need.  Doc. 27.  The pro se

Plaintiff filed his response in opposition, doc. 33, and the motions are ready for ruling.

**Allegations of the Amended Complaint**

        Plaintiff alleges the violation of his Eighth Amendment rights because Defendants

failed to prescribe him a permanent high calorie diet.  Doc. 13.  Plaintiff arrived at

---

        [1] The first Report and Recommendation, doc. 31, recommended denial of
Plaintiff's motion, doc. 30, construed as a motion for preliminary injunction, and was
adopted. Doc. 36.

Liberty Correctional Institution in January of 2010 and after just thirty days, Plaintiff alleged he was losing body weight. *Id.* at 6. Plaintiff requested that Defendant Salvador provide him a high calorie diet, but that request was denied. *Id.* Plaintiff contends that he was provided such a diet while in the Pasco County Jail, and at the Central Florida Reception Center, but that Defendants Salvador and Smith refused to prescribe a high calorie diet for him. *Id.* Plaintiff alleged that after two months at Liberty Correctional Institution he had lost twenty pounds and was below 140 pounds body weight.[2] *Id.* Dr. Hercule issued Plaintiff a temporary 90-day pass, but Plaintiff contends that after the diet successfully reversed his weight loss, Defendants Salvador and Smith again denied Plaintiff continued use of the pass. *Id.*

Plaintiff alleged that Defendant Salvador advised that she would issue Plaintiff a diet pass, but the warden directed that diet passes should not be given because Liberty Correctional Institution gave "more special diets than any camp in the region." *Id.* at 7. Plaintiff asserts that he is subjected to a cycle of weight loss and being prescribed only temporary diet passes in violation of his Eighth Amendment rights. *Id.* Plaintiff alleged receiving seven prescription diets in a three year period. *Id.* Plaintiff contends Defendants have no concern about the physical effects of this cycle on his body. *Id.* As relief, Plaintiff seeks a permanent prescription high calorie diet pass, compensatory damages and punitive damages. *Id.* at 8.

---

[2] Plaintiff states that he is 5 feet, 10 inches tall, and over 50 years of age.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

In reviewing a motion to dismiss based on qualified immunity, the court must accept "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting [ ] review to the four corners of the complaint."  St.

George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citations omitted),

*quoted in* Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).  The Supreme

Court has established a two step analysis for resolving qualified immunity issues.

Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

First, a court should decide whether the facts that a plaintiff has alleged 'show the

[defendant's] conduct violated a constitutional right.' "  Saucier, 533 U.S. at 201, *quoted*

*in* Randall v. Scott, 610 F.3d 701, 715 (11th Cir. 2010).  "Second, the court must decide

'whether the right was clearly established.' "  *Id.;* Scott, 610 F.3d at 715.  While Saucier

mandated that sequence, the Supreme Court concluded in Pearson v. Callahan, 129

S.Ct. 808, 818 (2009) that the process "should no longer be regarded as mandatory."

Judges "should be permitted to exercise their sound discretion in deciding which of the

two prongs of the qualified immunity analysis should be addressed first in light of the

circumstances in the particular case at hand."  Pearson, 129 S.Ct. at 818.

**Motion to Dismiss, doc. 27**

Defendants contend that Plaintiff does not present a valid Eighth Amendment

claim.  Doc. 27 at 4-10.  Defendants argue that they did not ignore Plaintiff's needs as

shown by the fact that when his weight dropped, Defendants provided Plaintiff the

higher caloric diet.  *Id.* at 5.  Defendants assert that they monitored Plaintiff's weight and

when the medical need arose, provided Plaintiff with the diet.  *Id.* at 5-6.  Defendants

contend that they have not provided Plaintiff what he desires, a permanent, high caloric

special diet, but they have not failed to provide Plaintiff with adequate medical care.  *Id.*

at 6.  Defendants acknowledge that they have a duty to provide Plaintiff with adequate

nutrition, but assert that they have "no duty to keep Plaintiff's weight [where] he desires" it to remain.  *Id.* at 9.  Defendants point out that "Plaintiff was not denied meals."  *Id.* at 10.

**Plaintiff's Response, doc. 33**

Plaintiff acknowledges that with the "one exception of adequate nutrition, all of the . . . physical needs of Plaintiff are currently being provided . . . ."  Doc. 33 at 2. Plaintiff argues that without the prescription diet, he "suffers extreme [weight] loss" and his body weight is currently in decline because he is not currently on the diet.  *Id.* at 2-3. While on the "diet his weight stays constant" and, thus, Plaintiff asserts he "needs a prescription diet" on a permanent basis.  *Id.* at 3.  Plaintiff argues that he has twice become malnourished while housed at Liberty Correctional Institution.  *Id.*

**Analysis**

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977).  Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk

of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009),

citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir.

2003).

 "To show that a prison official acted with deliberate indifference to serious

medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."

Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003), quoted in Brown v. Johnson, 387

F.3d 1344, 1351 (11th Cir. 2004).  "First, the plaintiff must prove an objectively serious

medical need."  Brown, 387 F.3d at 1351, citing Farrow, 320 F.3d at 1243.  "Second,

the plaintiff must prove that the prison official acted with deliberate indifference to that

need."  Brown, 387 F.3d at 1351, citing Farrow, 320 F.3d at 1243.

 The concept of deliberate indifference entails something more than negligence,

but is satisfied by something less than actions undertaken with an intent to cause harm.

Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994).  Subjective recklessness, as defined

in criminal law, is the standard which must be shown for an official's actions to rise to

the level of deliberate indifference.  Id.  Deliberate indifference has been described as a

culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or

harm to a prisoner by depriving him of a basic human need.  Wilson v. Seiter, 501 U.S.

294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  To establishing deliberate indifference,

the second element, a plaintiff must demonstrate: "(1) subjective knowledge that serious

harm is possible; (2) disregard of that risk; and (3) conduct that is more than mere

negligence."  Carter, – F.App'x –, 2014 WL 903401, at *2, citing Brown, 387 F.3d at

1351.

Medical malpractice does not constitute deliberate indifference.  Estelle, 429 U.S. at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). For example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  Further, when an inmate has received some medical attention or care and the dispute involves the adequacy of the care, federal courts are reluctant to second guess medical judgments and find an eighth amendment violation. Harris, 941 F.2d at 1507.

In a recent case before the Eleventh Circuit Court of Appeals, Carter v. Broward Cnty. Sheriff's Dept. Med. Dept., – F.App'x –, 2014 WL 903401, at *2 (11th Cir. Mar. 10, 2014), the plaintiff had alleged that because he suffered from HIV, the defendants "were deliberately indifferent to his medical needs" when the medical director at the Broward County Jail "discontinued his high-calorie/high-protein diet."  The Eleventh Circuit affirmed that defendants were entitled to summary judgment on the plaintiff's deliberate

indifference claim.  Carter, – F.App'x –, 2014 WL 903401 at *2.  Similar to the instant case, the plaintiff in Carter primarily argued "that a high-calorie/high-protein diet was medically necessary for his HIV, and that Jackson was deliberately indifferent by discontinuing it."  Id.   The court determined that the defendant had used her medical judgment to conclude the diet should be discontinued given the plaintiff's weight gain and elevated lipid, glucose, and triglyceride levels.  Id.

> While Carter may disagree with Jackson regarding his continued need for the diet, he has not presented any evidence to support his allegation that Jackson was deliberately indifferent by discontinuing it.  This amounts at most to a difference of opinion, which does not give rise to a constitutional violation.

Id., citing Harris, 941 F.2d at 1505.

In this case, Plaintiff's allegations do not demonstrate a serious medical need.  In Carter, the plaintiff had an underlying serious illness which had been treated, in part, with a high-calorie/high-protein diet.  Here, Plaintiff has not alleged any underlying medical condition or identified a medical diagnosis for the cause of his weight loss which would lead to a reasonable conclusion that a serious medical condition exists.  Rather, Plaintiff's claim is his asserted need for a sustained high-calorie diet.  Put another way, Plaintiff claims that the absence of such a diet creates a per se serious medical need because Plaintiff loses weight.  The flaw in that assertion is that Plaintiff is alleging only a desired medical treatment, which is routinely provided to him, and he has not demonstrated that he has a serious medical condition.  As alleged, it cannot be concluded that weight loss, per se, rises to the level of a "serious" medical need.

Plaintiff's claim amounts only to a dispute with the Defendants, his medical providers, about treatment and the timing of that treatment.  Defendants agree to Plaintiff's desired treatment (the high calorie diet) for limited periods of time, but not on a full-time, permanent basis.  That is not a viable claim under <u>Harris</u>, 941 F.2d at 1505.

Moreover, Plaintiff's allegations demonstrate that Defendants do not disregard a risk of harm to Plaintiff.  Plaintiff alleged that when his weight decreases, Defendants provide him with a higher calorie diet.  Plaintiff's allegations reveal he has repeatedly been given a high calorie diet as many as seven times in three years.  Thus, Plaintiff's allegations reveal that his medical needs are not ignored but monitored and Defendants are not deliberately indifferent.  Moreover, beyond alleging that Plaintiff loses weight when not on the high-calorie diet and gaining weight when returned to the diet, Plaintiff does not allege any harm from Defendant's actions and medical decisions.  Therefore, Plaintiff's amended complaint fails to state a claim under the Eighth Amendment and Defendants' motion to dismiss, doc. 27, should be **Granted**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 27, be **GRANTED** as the complaint fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 17, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.